**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SAMUEL PLAISANCE** **CIVIL ACTION NO.: 16-365**

**VERSUS**

**EAST BATON ROUGE PARISH SHERIFF'S OFFICE, SHERIFF SID J. GAUTREAUX, III, DEPUTY BRAD MANUAL AND CORPORAL PRESCOTT**

**JUDGE:____________________________**

**MAGISTRATE:_____________________**

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes **SAMUEL PLAISANCE** (hereafter sometimes referred to as Petitioner/Plaintiff), who respectfully represents that he is a person of full age of majority and who is a resident of and domiciled in East Baton Rouge Parish in the State of Louisiana.

1.

This action arises under Title 42, USC Sections 1983 and 1988. This court has jurisdiction over the action under Title 28, USC Sections 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under State law pursuant to 28 U.S. C. 1367. Venue is proper in this Judicial District pursuant to title 28 USC Section 1391. This civil rights action seeks damages against Defendants for committing acts under color of State law, and depriving Plaintiff of rights secured by the constitution and law of the United States. Plaintiff files this claim pursuant to both federal and state law, which protects the basic civil rights of all people from abuse and excessive force administered by law enforcement.

2.

All the events referred to in this Petition occurred within East Baton Rouge Parish, Louisiana.

3.

Plaintiff's claims herein arise out of an incident involving the East Baton Rouge Parish Sheriff's Office, domiciled in the of East Baton Rouge Parish, Louisiana.

4.

Made Defendants herein are:

a) **THE EAST BATON ROUGE PARISH SHERIFF'S OFFICE (hereafter referred to**

**as "EBRSO"),** a political subdivision in the State of Louisiana.

b) **SHERIFF SID J. GAUTREAUX**, **III**, individually and in his official capacity as **Sherriff of EBRSO.**

c) **DEPUTY BRAD MANUAL,** individually and in his official capacity as an officer/sheriff's deputy of EBRSO; and

d) **CORPORAL PRESCOTT (first name unknown),** individually and in his official capacity as an officer/sheriff's deputy of EBRSO;

**(Collectively referred to as Defendants)**

5.

At all times applicable hereto, **SHERIFF SID J. GAUTREAUX**, **III**, **SHERIFF'S DEPUTY BRAD MANUAL** and **CORPORAL PRESCOTT** were duly appointed and employed in their official capacity with the EBRSO and all actions taken by them were in the course and scope of their employment with the EBRSO.

6.

Plaintiff, SAMUEL PLAISANCE, is a competent adult, who is/was a ***nonviolent*** male and posed no threat, but fell prey to excessive force and policy brutality, which was perpetrated by Office Manuel and Corporal Prescott of the East Baton Rouge Parish Sheriff's Office on or about June 6, 2015.

7.

On or about June 6, 2015, at approximately 9:00 p.m., Defendant **DEPUTY BRAD MANUAL** and **CORPORAL PRESCOTT** (hereafter sometimes referred to as the "Defendant deputies") were allegedly dispatched to Plaintiff's home located at 21517 Noble Reames, Zachary, Louisiana, 70791 due to a call placed by Plaintiff's spouse regarding domestic abuse allegations regarding an alleged occurrence on or about June 5, 2015.

8.

Plaintiff was approached by **DEPUTY BRAD MANUAL** and **CORPORAL PRESCOTT** and was questioned regarding the alleged occurrence on or about June 5, 2015 for which they were dispatched to Plaintiff's property. Immediately after Plaintiff explained what had occurred, **DEPUTY BRAD MANUAL** and **CORPORAL PRESCOTT** without ever advising Plaintiff that he was under arrest or advising of the charges for which he was being arrested and

without reading him his Miranda rights, unlawfully assaulted and battered Plaintiff by applying unlawful force that included Plaintiff being shot with a Taser device, being forcefully pushed to the ground by the Defendant Deputies and then being forcefully handcuffed, transported into confinement and unlawfully arrested (the "Incident"). The Incident and Defendant Deputies' said transgressions occurred within the presence of Plaintiff's minor child who was three years old at the time of the incident.

9.

Plaintiff was not the subject of a warrant or any form of investigation. He was not in the midst of a traffic stop or any other such activity. Neither Deputy Manuel nor Corporal Prescott had just cause to question, accost, or arrest him. Yet, he was subjected to unwarranted physical abuse that left him battered, bruised and injured.

10.

Defendant deputies entered, assaulted, battered and unlawfully arrested Plaintiff on Plaintiff's own private property to which the Defendant Deputies were unlawfully present. The conduct of the defendant's was willful, malicious, oppressive, and in reckless disregard for the constitutional rights of the Complainant, thus justifying punitive damages against the defendants in an amount in accordance with proof.

11.

At no time was Plaintiff advised of his Maranda rights.

12.

Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and as such are not entitled to qualified immunity.

**CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS**

13.

Plaintiff is informed and believes, and on the basis of such information and belief, and hereby alleges that the Defendants, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional statutory rights of the Plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of among other things;

a) subjecting people to unreasonable uses of forces against their persons;

b) selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

c) Failing to investigate the above forgoing actions and/or taking any corrective or interoffice disciplinary actions against the offending officers/deputies.

14.

As a direct consequence of these actions by Defendants, Plaintiff was deprived of his liberty for substantial period of time, suffered and continues to suffer physical and mental pain and anguish, physical injuries, acute mental distress, embarrassment, humiliation and has suffered unwarranted notoriety in the public view and the view of his family.

15.

Additionally, Plaintiff was injured as a result of the defamation of Defendants through their false accusations which were made with malice and were published in public records and in various newspapers and which resulted in injury to Plaintiff. Plaintiff has incurred considerable costs, expenses, and attorney fees in his pursuit to successfully defend against the prosecution of the false criminal charges against him.

16.

Upon information and belief, after the unlawful arrest and excessive force was used against Plaintiff, the Defendants collectively entered into a conspiracy to deprive Plaintiff of his constitutional rights by claiming that Plaintiff resisted arrest and other such allegations filed in the public record.

17.

The Constitutional rights of Plaintiff, that were deprived, were clearly established and well known to a reasonable person. The unreasonably excessive actions of the Defendant deputies were objectively unreasonable in light of the circumstances of this unlawful arrest, the deputies lack of any physical threats of violence from Plaintiff, the lack of physical resistance by the Plaintiff. The above violations and torts were committed as a result of the polices, customs and procedures of the **EBRSO** and **SHERIFF SID J. GAUTREAUX**, **III** and upon information and belief it was the policy, custom and practices of Defendants, to inadequately and improperly train and supervise their employees regarding:

a) Proper police procedure;

b) Proper protocols for arrest including lawful notice and advising individuals of their rights and the reason for their arrest;

c) Proper force continuum;

d) Constitutional protections and safeguards of individuals;

e) Proper procedures for when to use excessive force under the law – described circumstance;

f) Proper training techniques for the moving of an individual from one place to another by an officer/deputy; and

g) Proper training techniques of controlled force usage, devises and implantation.

18.

Further, upon information and belief, **EBRSO** and **SHERIFF SID J. GAUTREAUX**, **III** are also liable for inadequate training and supervision of their employees.

19.

Upon information and belief, there were no threats of violence by Plaintiff, no alleged weapons at the scene, no officer safety threats to support any use of excessive force or use of a Taser device, physical restraints, or any other violence while at the scene during the Incident.

20.

The above-described conduct constitutes one or more violations of 42 USC 1983, *et*. *seq*.

**CAUSE OF ACTION – STATE LAW CLAIMS**

The excessive force and injury of Plaintiff by members of the **EBRSO** was committed through gross acts of wanton negligence of **DEPUTY BRAD MANUAL** and **CORPORAL PRESCOTT** as follows:

a) Unreasonably threating Plaintiff;

b) Unlawfully and unreasonably using a Taser device on Plaintiff

c) Unlawfully using excessive force on Plaintiff;

d) Unlawfully arresting Plaintiff;

e) unlawfully detain, seizing and arresting Plaintiff without probable cause;

f) False impressment;

g) Trespassing and unlawful entry onto private property;

h) Failing to control the situation without using excessive force;

i) Employing improper police procedures when pushing and shoving Plaintiff to the ground

and unlawfully applying physical restraints; and

j) Failing to do what they should have done and see what they should have seen to avoid the injures to Plaintiff.

21.

At all relevant times hereto including the Incident, Plaintiff's unlawful detainment, arrest and false impressment, **DEPUTY BRAD MANUAL** and **CORPORAL PRESCOTT** were in the course and scope of their employment with **EBRSO** and **SHERIFF SID J. GAUTREAUX**, **III.** Therefore**, EBRSO** and **SHERIFF SID J. GAUTREAUX**, **III** are thereby responsible under the legal doctrine of *respondeat superior* for all the damages and injures occasioned herein by the negligence of the Defendant deputies.

22.

**EBRSO** and **SHERIFF SID J. GAUTREAUX**, **III** are liable independently for their negligence in hiring and failing to properly train and supervise their employees.

23.

The supplemental jurisdiction of this court is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action. Plaintiff incorporates all of the allegations of the previous articles as copies herein *in extenso*. The allegations alleged herein include negligent injury, false arrest, false imprisonment, assault, battery and defamation all of which constitutes violations of Plaintiff's rights actionable under the laws of the State of Louisiana and were the proximate and legal causes of the inures done to Plaintiff, entitling him to damages as are just in the premises.

**DAMAGES AND HARM – ALL COUNTS AND CAUSES OF ACTION**

24.

The above conduct of the Defendants was the cause (direct and proximate) of the harm and permanent injury to Plaintiff and the resulting damages as described subsequently.

25.

As a result of the Incident, Plaintiff suffered physical injuries to his body, including, but not limited to his neck, back, arms, wrists, left foot, chest and other parts of his body, including those parts where the Taser device struck Plaintiff.

26.

Plaintiff has also suffered and will continue to suffer great physical and mental pain and suffering, has suffered a past and future loss of earnings and earning capacity, has incurred and will continue to incur medical bills and suffered a loss of enjoyment of life.

27.

Plaintiff respectfully represents that he is entitled to the following amounts from Defendants who are liable (*insolido* or otherwise) as a result of the acts and misconducts alleged previously for:

a) Compensatory damages against Defendants, and each of them *insolido*, in the amount to be determined at the trial in this matter;

b) Treble, exemplary and/or punitive damages against Defendants, in an amount to be determined at the trial in this matter;

c) The costs of this action, including, but not limited to attorney's fees, court costs, expert witness fees and any other fees allowing by any State or Federal rule, statute or law; and

d) Such other and further relief as this Court may deem appropriate;

28.

Trial by jury is demanded on all matters so triable.

15.

By virtue of the foregoing, defendants owed Petitioner a duty of care, and that duty of due care was breached in that defendants negligence and failure to exercise due care in dealing with the Petitioner.

16.

The Plaintiff suffered emotional damages and damages for pain and suffering. Plaintiff was falsely accused of "Resisting an Officer", "Battery of an Officer", "Domestic Abuse – Child Endangerment".

**WHEREFORE**, petitioner, Samuel Plaisance, prays that this Petition for Damages be duly filed and that the defendants be served with copies of same in accordance with the law.

Petitioner further prays that there be judgment herein in his favor and against Defendants, jointly, severally and in solido for compensatory damages, punitive damages, attorney's fees and

any other such damages as are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid and for all costs and disbursements associated with bringing this cause of action until paid as well as exemplary damages against the individual defendants in an amount sufficient to make an example of those defendants and to deter future misconduct.

Petitioner further prays for all general and equitable relief warranted in his cause herein.

RESPECTFULLY SUBMITTED:
**BOYER, HEBERT, ABELS & ANGELLE, LLC**

BY: /s/

**MARK D. BOYER (#26209)**
1280 Del Este Avenue
Denham Springs, LA 70726
Telephone: 225-664-4335
Facsimile: 225-664-4490
Counsel for Samuel Plaisance
mboyer@bhaalaw.com

**PLEASE SERVE:**

**EAST BATON ROUGE PARISH SHERIFF'S OFFICE;**
**SHERIFF SID J. GAUTREAUX, III, DEPUTY;**
**BRAD MANUAL; AND CORPORAL PRESCOTT at**
**100 St. Ferdinand St.**
**Baton Rouge, LA 70802**